UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERNADETTE M. BIBBER, <br><br> Plaintiff, <br> vs. <br><br> NATIONAL BOARD OF OSTEOPATHIC <br> MEDICAL EXAMINERS, INC., an Indiana <br> Nonprofit Corporation, <br><br> Defendant. | CASE NO. 2:15-cv-04987-SD |

## ORDER DISMISSING COUNT III OF COMPLAINT

Defendant, National Board of Osteopathic Medical Examiners, Inc. ("NBOME"), has moved, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss Count III of the Complaint for failure to state a claim based on the New Jersey Law Against Discrimination, N.J.S 10:5-1 *et. seq.* ("NJLAD").

AND NOW, this ____ day of _____, upon consideration of the Defendant's Motion to Dismiss, it is hereby ORDERED that said Motion is GRANTED, and Count III of Plaintiff's Complaint be and hereby is DISMISSED.

_____
District Judge, United States District Court,
Eastern District of Pennsylvania

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERNADETTE M. BIBBER,<br><br>              Plaintiff,<br>vs.<br><br>NATIONAL BOARD OF OSTEOPATHIC<br>MEDICAL EXAMINERS, INC.,<br><br>              Defendant. | CASE NO. 2:15-cv-04987-SD |

**MOTION TO DISMISS COUNT III OF COMPLAINT**

NBOME moves, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss Count III of the Complaint, whereby Plaintiff alleges the NBOME violated "New Jersey's Law Against Discrimination, N.J.S.A. 10:5-1 et. seq." ("NJLAD"), for failure of the Plaintiff to state a claim in Count III upon which relief may be granted under Count III of the Complaint.

1. The "restriction on the extraterritorial application of the NJLAD is rooted in the well-settled understanding that New Jersey law regulates conduct in New Jersey, not outside the state." *Peiken v. Kimmel & Silverman, P.C.*, 376 F.Supp.2d 654, 657-58 (D.N.J. 2008).

2. Plaintiff does not allege that any *conduct by the NBOME* pertaining to the Plaintiff has occurred in New Jersey. To the contrary, she alleges: "Defendant engages in business in Pennsylvania and in this judicial district and this action arises from those business activities." *Complaint*, ¶ 10.

3. In further support of this motion to dismiss Count III, the NBOME submits contemporaneously herewith its separate brief, which is incorporated herein by reference.

1

WHEREFORE, NBOME prays this motion be granted and that Count III be dismissed for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6).

Date: November 3, 2015

/s/ Sydney L Steele
Sydney L Steele, *pro hac vice*
Jennifer L. Watt, *pro hac vice*
Kroger, Gardis & Regas, LLP
111 Monument Circle, Suite 900
Indianapolis, Indiana 46204-5125
317-692-9000 telephone
sls@kgrlaw.com; jlw@kgrlaw.com

/s/ Jeffrey W. McDonnell
Jeffrey W. McDonnell, Attorney No. 74353
Law Office of Peter A. Callahan
1600 Market Street, Suite 2020
Philadelphia, PA 19103
215-448-3325 telephone

Counsel for Defendant, National Board of Osteopathic Medical Examiners, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2015, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Jeffrey W. McDonnell

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERNADETTE M. BIBBER, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CASE NO. 2:15-cv-04987-SD<br>) |
| NATIONAL BOARD OF OSTEOPATHIC<br>MEDICAL EXAMINERS, INC., an Indiana<br>Nonprofit Corporation, | )<br>)<br>)<br>) |
| Defendant. | )<br>)<br>) |

**DEFENDANT'S BRIEF IN SUPPORT
OF ITS MOTION TO DISMISS COUNT III OF COMPLAINT**

Defendant, National Board of Osteopathic Medical Examiners, Inc. ("NBOME"), submits this brief in support of its motion to dismiss Count III of the Complaint for failure to state a claim based on the New Jersey Law Against Discrimination, N.J.S 10:5-1 *et. seq.* ("NJLAD"), pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

In sum, Plaintiff has not alleged any significant wrongful conduct by the NBOME in the state of New Jersey regarding Plaintiff's claim of alleged "discriminatory denial" by the NBOME of her request for testing accommodations, to invoke the application of the NJLAD.

Therefore, Count III must be dismissed.

**PROCEDURAL BACKGROUND**

Plaintiff, Bernadette M. Bibber, ("Plaintiff") filed this action against the NBOME alleging the NBOME denied her "appropriate testing accommodations on the Comprehensive Osteopathic Medical Licensing Examination, Level 1 ("COMLEX Level 1")," claiming violations of the American with Disabilities Act, 42 U.S.C. §12101, *et. seq.* (Count I), Declaratory Relief (Count II), and the NJLAD. (Count III). (See *Complaint*, ECF No. 1)

Contemporaneously with the filing of this brief, the NBOME files its motion to dismiss Count III of the Complaint for failure to state a claim upon which relief (under the NJLAD) may be granted, which is incorporated here by reference, and further responded by its answer and other defenses denying any liability to the Plaintiff under Counts I, II or III of the Complaint.

## ARGUMENT

Pursuant to Rule 12(b)(6), the Court must dismiss a complaint for "failure to state a claim upon which relief may be granted." When a Rule 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested. The procedural issue is whether the facts alleged in the Complaint, if true, support a claim upon which relief can be granted. *See also, Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

The NBOME by its motion to dismiss seeks dismissal of only Count III of the Complaint, Plaintiff's claim of alleged discrimination under the NJLAD.

The NJLAD does not apply to alleged wrongful conduct occurring outside the state of New Jersey. The restriction on extraterritorial application of the NJLAD (i.e., for alleged wrongful conduct by a defendant outside the state of New Jersey) derives from the well-settled principle that "New Jersey law regulates conduct in New Jersey, not outside the state." *Buccilli v. Timby, Brown & Timby*, 660 A.2d 1261, 1263 (App. Div. 1995). See also, *Peiken v. Kimmel & Silverman, P.C.*, 376 F.Supp.2d 654, 657-58 (D.N.J. 2008). The issue therefore is this:

> Has Plaintiff in Count III alleged wrongful conduct by the NBOME *in the state of New Jersey*, pertaining to Plaintiff's claim of "discriminatory denial" of testing accommodations, sufficiently to invoke the application of NJLAD?

First, it is undisputed that the NBOME is not a New Jersey corporation. The NBOME "is a non-profit corporation organized under the laws of the State of Indiana." *Complaint*, ¶ 8. Nor does Plaintiff allege, nor could she, that the NBOME has any office or employee in New Jersey involved in any way in the NBOME's decision to deny her requests for extended testing time.

2

Nor is there any allegation that the NBOME received, deliberated upon, or made any decision in the state of New Jersey to not approve Plaintiff's request for extended testing time.

Significantly, Plaintiff does not even allege that her claim against the NBOME arises out of *any* conduct by the NBOME in the state of New Jersey.

To the contrary, she alleges that her claim for alleged "discriminatory denial" of testing accommodations arises out of the NBOME's business activities in *Pennsylvania*: "Defendant engages in business in Pennsylvania and in this judicial district and *this action arises from those business activities.*" *Complaint,* ¶ 10 (emphasis added)[1]

Plaintiff alleges only that she is a resident of and attends medical school in New Jersey, and that she intends to take the COMLEX-USA Level 1 examination in New Jersey. *Complaint,* ¶¶ 7, 9 11. However, the location of the residence of the Plaintiff in New Jersey is insufficient to invoke the application of the NJLAD.

New Jersey courts, in considering whether the NJLAD is applicable to a plaintiff's discrimination claim, have consistently held a Plaintiff's "New Jersey residency is irrelevant to the issue of whether [the Plaintiff] can assert a discrimination under the NJLAD." *Weinberg v. Interep Corp.*, 2006 WL 1096908, at *5-7 (D.N.J. Apr. 26, 2006). The New Jersey courts also reason that subjecting an employer to different legal requirements because its employees reside in different states would be unfair. *Id..* See also, *Buccilli*, 660 A.2d, at 1263-64 ("We agree ... that making the rights of each of several co-workers dependent on his or her state of residence would be an entirely unreasonable result.")

That same reasoning applies to the NBOME.

---

[1] For purposes of NBOME's motion to dismiss under Rule 12(b)(6), we must accept this allegation as true. However, the decision to not approve Plaintiff's request for extended testing time occurred not in Pennsylvania, but out of the NBOME's offices in Chicago, Illinois.

3

It would be unfair to subject the NBOME to different legal requirements in every state only because osteopathic medical students – who sit for the COMLEX examinations "throughout the country," *Complaint*, ¶ 9 – reside throughout the United States.

See also *Bowers v. National Collegiate Athletic Ass'n*, 151 F.Supp.2d 526 (D.N.J. 2001). The Court there held that "it is relatively clear that, under New Jersey law, a plaintiff's New Jersey residence alone is not sufficient to trigger application of the NJLAD. See, e.g., *Buccilli*, *supra* (holding that Pennsylvania law, and not the NJLAD, would govern a New Jersey resident's employment claims where all of the alleged unlawful conduct occurred in Pennsylvania). Only when an "out of state" defendant has sufficient New Jersey's contacts to the "factual scenario" of a plaintiff's claim would NJLAD apply. *Id*. Here, unlike the facts in the *Bowers* case, the Plaintiff does not allege *any* significant facts that occurred in New Jersey relating to the alleged "unlawful conduct" by the NBOME.

To be sure, Plaintiff alleges that the NBOME "offers the administration of the COMLEX I throughout the country, including New Jersey," and that the Plaintiff intends someday to take the COMLEX Level 1 examination New Jersey. *Complaint*, ¶¶ 9, 11. However, Plaintiff has *not* taken that examination in New Jersey. Indeed, Plaintiff could take the COMLEX Level 1 examination anywhere in the United States. It is *Plaintiff's* choice *where* she wants to take the examination, not the NBOME. The NBOME does not dictate in which state its examinations are taken, that is the sole decision of the candidate, including the Plaintiff. If Plaintiff choses to the COMLEX Level 1 examination in New Jersey, that is her choice, not the choice of the NBOME.

Thus, the allegation that Plaintiff intends someday to take COMLEX Level 1 in New Jersey is not sufficient conduct *by the NBOME* in the state of New Jersey to invoke the application of NJLAD to her claims against the NBOME.

4

Moreover, that fact, the fact that COMLEX Level 1 examination is offered to medical students "throughout the country, including New Jersey," *Complaint*, ¶ 9, is insufficient to invoke the application of the NJLAD. The amount of business conducted in New Jersey is not "a factor in considering whether a claim can be asserted under the NJLAD." *Peikin*, 576 F. Supp. 2d , at 657-58, citing *Weinberg*, 2006 WL 109608, at *6.

In *Archut v. Ross Univ. Sch. of Veterinary Med.*, 46 NDLR P 73 (D.N.J. Nov. 19, 2012) aff'd, 580 Fed. Appx. 90 (3d Cir. 2014),[2] the court emphasized that the NJLAD does not apply to conduct in other states. *Id.* at *12. The *Archut* court declined to apply the NJLAD where the decision-making process regarding testing accommodations occurred out-of-state. "These out-of-state acts are beyond the internal focus of the New Jersey legislature in enacting the NJLAD and cannot be the predicate for liability against Ross. The NJLAD does not apply to conduct occurring in other states because the legislature did not so provide ...." *Id.*

Plaintiff here does not allege that the "decision-making process" regarding the NBOME's determination not to approve her request for extended testing time – the alleged "discriminatory denial" of testing accommodations – occurred in New Jersey. To the contrary, the Plaintiff alleges that her claim for the alleged "discriminatory denial" by the NBOME of her request for extended testing time *arises in Pennsylvania*, not New Jersey. *Complaint*, ¶ 10.

Consequently, Plaintiff has not alleged sufficient *conduct by the NBOME* in the state of New Jersey pertaining to Plaintiff's claim of "discriminatory denial of appropriate testing accommodations" on COMLEX Level 1 to invoke the application of NJLAD.

---

[2] Although the *Archut* case is an unpublished opinion and therefore lacks lack precedential value, we cite it here only because the *Archut* court's reasoning is persuasive and the facts are analogous to the current case. *Cf. City of Newark v. U.S. Dep't of Labor*, 2 F.3d 31, 33 n.3 (3d Cir. 1993) ("Although we recognize that this unpublished opinion lacks precedential authority, we nonetheless consider persuasive its evaluation of a factual scenario virtually identical to the one before us in this case.").

## CONCLUSION

NBOME's motion to dismiss Count III of Plaintiff's Complaint, pursuant to Rule 12(b)(6), should therefore be GRANTED and Count III of the Complaint DISMISSED.

Date: November 3, 2015

/s/ Sydney L Steele
Sydney L Steele, *pro hac vice*
Jennifer L. Watt, *pro hac vice*
Kroger, Gardis & Regas, LLP
111 Monument Circle, Suite 900
Indianapolis, Indiana 46204-5125
317-692-9000 telephone
sls@kgrlaw.com; jlw@kgrlaw.com


/s/ Jeffrey W. McDonnell
Jeffrey W. McDonnell, Attorney No. 74353
Law Office of Peter A. Callahan
1600 Market Street, Suite 2020
Philadelphia, PA 19103
215-448-3325 telephone

Counsel for Defendant, National Board of Osteopathic Medical Examiners, Inc.


## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2015, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Jeffrey W. McDonnell