UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERNADETTE M. BIBBER, <br><br> Plaintiff, <br> vs. <br><br> NATIONAL BOARD OF OSTEOPATHIC <br> MEDICAL EXAMINERS, INC., <br><br> Defendant. | CASE NO. 2:15-cv-04987-SD |

## DEFENDANT'S ANSWER AND OTHER DEFENSES TO COMPLAINT

Defendant, National Board of Osteopathic Medical Examiners, Inc., an Indiana nonprofit corporation ("NBOME"), in response to Plaintiff's Complaint, says:

NBOME, for its response to Plaintiff's Complaint, says:

1. NBOME denies all material allegations in paragraph 1 of the Complaint.

2. NBOME denies all material allegations in paragraph 2, but admits that it did not approve extended time for Plaintiff for the COMLEX-USA Level 1 examination because the documents and information submitted by or for Plaintiff to the NBOME did not demonstrate that she required time and half the standard testing time to gain access that examination.

3. NBOME admits that the COMLEX-USA Level 1 examination is administered in a standardized, time-measured examination, as the ability to interpret, process and apply clinical knowledge and skills with knowledge fluency and in a fluid manner is fundamental to a generalized osteopathic physician's competence to practice osteopathic medicine, and that passage of the COMLEX-USA series of examinations is required by state licensing boards for licensure to practice osteopathic medicine, but denies all other material allegations in paragraph 3 of the Complaint.

4. NBOME admits only that this Court has subject matter jurisdiction of Plaintiff's claims under the Americans with Disabilities Act, as amended, based upon a federal question, but denies all other material allegations in paragraph 4 of the Complaint.

5. NBOME denies all material allegations in paragraph 5 of the Complaint.

6. NBOME admits that it has offices in Conshohocken, Pennsylvania, but denies all other material allegations in paragraph 6 of the Complaint.

7. NBOME denies the existence of any "discriminatory denial" alleged by Plaintiff, and otherwise is without knowledge or information sufficient to form a belief about the truth of the other allegations in paragraph 7 of the Complaint and therefore denies those allegations.

8. NBOME admits that it is a nonprofit corporation organized under the laws of the state of Indiana, that it has offices located at 101 Elm Street, Conshohocken, Pennsylvania, that it develops and makes available to osteopathic medical students and graduates the COMLEX-USA series of examinations, including the COMLEX-USA Level 1, COMLEX-USA Level 2-CE, COMLEX-USA Level 2-PE and COMLEX-USA Level 3 examinations, that passage of these examinations is required for licensure to practice osteopathic medicine in the United States, but denies or is without knowledge or information sufficient to form a belief about the truth of the other allegations in paragraph 8 of the Complaint and therefore denies those allegations.

9. NBOME admits that it is private nonprofit entity organized under the laws of the state of Indiana, but denies or is without knowledge or information sufficient to form a belief about the truth of the other allegations in paragraph 9 of the Complaint and therefore denies those allegations.

10. NBOME admits that it has offices located at 101 Elm Street, Conshohocken, Pennsylvania, but denies all other material allegations in paragraph 10 of the Complaint.

11. NBOME is without knowledge or information sufficient to form a belief about the truth of the other allegations in paragraph 11 of the Complaint and therefore denies those allegations.

12. NBOME specifically denies that the documentation and information that was provided by or for the Plaintiff to support request for additional testing time demonstrated that she was required 150% the standard testing time to gain access the COMLEX-USA Level 1 examination, but is without knowledge or information sufficient to form a belief about the truth of all other allegations in paragraph 12 of the Complaint and therefore denies those allegations.

13. NBOME denies all material allegations in paragraph 13 of the Complaint.

14. NBOME denies all material allegations in paragraph 14 of the Complaint.

15. NBOME denies all material allegations in paragraph 15 of the Complaint.

16. NBOME is without knowledge or information sufficient to form a belief about the truth of all other allegations in paragraph 16 of the Complaint and therefore denies those allegations.

17. NBOME is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the Complaint and therefore denies those allegations.

18. NBOME is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of the Complaint and therefore denies those allegations.

19. NBOME is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of the Complaint and therefore denies those allegations.

20. NBOME is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the Complaint and therefore denies those allegations.

21. NBOME is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the Complaint and therefore denies those allegations.

22. NBOME is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the Complaint and therefore denies those allegations.

23. NBOME is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of the Complaint and therefore denies those allegations.

24. NBOME is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 of the Complaint and therefore denies those allegations.

25. NBOME is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of the Complaint and therefore denies those allegations.

26. NBOME is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of the Complaint and therefore denies those allegations.

27. NBOME is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 of the Complaint and therefore denies those allegations.

28. NBOME is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 of the Complaint and therefore denies those allegations.

29. NBOME is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the Complaint and therefore denies those allegations.

30. NBOME is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 of the Complaint and therefore denies those allegations.

31. NBOME is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Complaint and therefore denies those allegations.

32. NBOME is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of the Complaint and therefore denies those allegations.

33. NBOME is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of the Complaint and therefore denies those allegations.

34. NBOME is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 of the Complaint and therefore denies those allegations.

35. NBOME admits that it prepares and provides for osteopathic medical students Comprehensive Osteopathic Medical Self-Assessment Examinations (COMSAE), but denies all other material allegations in paragraph 35 of the Complaint.

36. NBOME is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of the Complaint and therefore denies those allegations.

37. NBOME is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 of the Complaint and therefore denies those allegations.

38. NBOME admits that it prepares, provides to osteopathic medical schools the COMAT subject matter examinations, and scores those examinations for the medical schools, but otherwise denies all material allegations in paragraph 38 of the Complaint.

39. NBOME is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of the Complaint and therefore denies those allegations.

40. NBOME is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 of the Complaint and therefore denies those allegations.

41. NBOME is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 of the Complaint and therefore denies those allegations.

42. NBOME admits that the COMLEX-USA examination series is designed to assess the osteopathic medical knowledge and clinical skills considered essential for osteopathic generalist physicians to practice osteopathic medicine, in a standardized, time-measured environment, as the ability to interpret, process and apply clinical knowledge and skills with knowledge fluency and in a fluid manner is fundamental to a generalist osteopathic physician's competence to practice medicine, but denies all other material allegations of paragraph 42 of the Complaint.

43. NBOME admits that the COMLEX-USA Level 1 examination is COMLEX-USA Level 1 is a problem-based and symptom-based assessment integrating the foundational and basic biomedical sciences of anatomy, behavioral science, biochemistry, microbiology, osteopathic principles, pathology, pharmacology, physiology and other areas of medical knowledge as they are relevant to solving clinical problems and assisting in providing patient care, that it consists of two four-hour computer-based test sessions during one day, each containing 400 test questions related to diverse clinical presentations, that test questions are predominantly in the single best answer, multiple choice test item or extended matching item formats, with some novel test items including audio-visual test items designed to assess an expanded physician competency subset, that the examination is administered in a standardized, time-measured environment, as the ability to interpret, process and apply clinical knowledge and skills with knowledge fluency and in a fluid manner is fundamental to the generalist osteopathic physician's competence to practice osteopathic medicine, and is as otherwise described in the NBOME *Bulletin of Information*, available online at www.nbome.org, but denies all other allegations in paragraph 43 of the Complaint.

44. NBOME admits that osteopathic medical students, including the Plaintiff, must pass the COMLEX-USA Level 1 examination to graduate from an osteopathic medical school, that passage of the COMLEX-USA Level 1 examination is an eligibility requirement to take the COMLEX-USA Level 2 and Level 3 examinations, but is without knowledge or information sufficient to form a belief about the truth of the all other material allegations in paragraph 44 of the Complaint and therefore denies those allegations.

45. NBOME admits on or about February 17, 2015, the NBOME received from Plaintiff her Request for Testing Accommodation, including a request for 150% the standard testing time available to other osteopathic medical students for the COMLEX-USA Level 1 examination, with the documentation generally described in paragraph 45, but denies all other material allegations in paragraph 45 of the Complaint.

46. NBOME admits that the documentation submitted provided some historical information to the NBOME, including information that Plaintiff had received prior accommodations, but denies all other material allegations in paragraph 46 of the Complaint.

47. NBOME admits that on or about April 2, 2015, after careful consideration of the Plaintiff's request for 150% extended testing time beyond the standard testing time available to other osteopathic medical students, and all the documentations submitted by or on behalf of Plaintiff, and the evaluation of an independent expert consultant of the documentation submitted by or for the Plaintiff, that Plaintiff's request for extended testing time was not approved, but denies all other material allegations in paragraph 47 of the Complaint.

48. NBOME admits that the NBOME received a letter from Plaintiff's attorney dated May 6, 2015, requesting reconsideration of the NBOME decision regarding Plaintiff's request

for 150% the standard testing time, along with additional documentation, but denies all other material allegations in paragraph 48 of the Complaint.

49. NBOME admits that on or about May 26, 2015, after the NBOME carefully reconsidered Plaintiff's request for 50% extended time beyond the standard testing time available to other osteopathic medical students, at the request of Plaintiff's attorney, along with all the documentations submitted by or on behalf of Plaintiff, and evaluations of independent expert consultants of the documentation submitted by or for the Plaintiff, that Plaintiff's request for extended testing time was not again approved, and that NBOME's legal counsel informed Plaintiff's attorney of the decision of the NBOME, but denies all other material allegations in paragraph 49 of the Complaint.

50. NBOME denies that the documentation submitted by or on behalf demonstrated that Plaintiff was required 150% the standard testing time available to other osteopathic medical students to gain access to the COMLEX-USA Level 1 examination, but is without knowledge or information sufficient to form a belief about the truth of the other allegations in paragraph 50 of the Complaint and therefore denies those allegations.

51. NBOME denies all material allegations in paragraph 51 of the Complaint.

52. NBOME admits on or about June 6, 2015, the NBOME received from Plaintiff another appeal for reconsideration the denial of her application for 150% the standard testing time available to other osteopathic medical students for the COMLEX-USA Level 1 examination, with the documentation generally described in paragraph 52 (except the letter from Marge Weiner which had been previously submitted to the NBOME), but denies all other material allegations in paragraph 52 of the Complaint.

53. NBOME admits that on or about June 29, 2015, after the NBOME again carefully reconsidered Plaintiff's application for 150% the standard testing time, and all the documentations submitted by or on behalf of Plaintiff, and the evaluations of independent expert consultants of the documentation submitted by or for the Plaintiff, that Plaintiff's request for extended testing time was again not approved, but denies all other material allegations in paragraph 53 of the Complaint.

54. NBOME denies all material allegations in paragraph 54 of the Complaint.

55. NBOME denies all material allegations in paragraph 55 of the Complaint.

56. NBOME denies all material allegations in paragraph 56 of the Complaint.

57. NBOME denies all material allegations in paragraph 57 of the Complaint.

58. NBOME denies all material allegations in paragraph 58 of the Complaint.

59. NBOME denies all material allegations in paragraph 59 of the Complaint.

60. NBOME admits that Plaintiff's lawyer claims that the NBOME violated the ADA and state law, but denies that the NBOME violated the ADA or any other law, and denies all other material allegations in paragraph 60 of the Complaint.

## COUNT I

61. NBOME incorporates by reference its foregoing responses in response to paragraph 61 of the Complaint.

62. NBOME denies that Plaintiff is a person with disability entitled to an accommodation of 50% extended testing time for the COMLEX-USA Level 1 examination, and denies all other material allegations in paragraph 62 of the Complaint.

63. NBOME denies all material allegations in paragraph 63 of the Complaint.

64. NBOME admits that it provides the COMLEX-USA Level 1 examination for administration by an independent contractor to osteopathic medical students and graduates, but denies all other material allegations in paragraph 64 of the Complaint.

65. Plaintiff's legal statements in paragraph 65 of the Complaint do not comply with Rule 8(a), requires no response, and should be stricken. To the extent a response is required, NBOME admits that it offered and offers the COMLEX-USA Level 1 examination to the Plaintiff in a manner that is accessible to all candidate, including the Plaintiff, as required by 42 U.S.C. § 12189, but denies all other material allegations in paragraph 65 of the Complaint.

66. Plaintiff's allegations in paragraph 66 of the Complaint do not comply with Rule 8(a), requires no response, and should be stricken. To the extent a response is required, NBOME admits that it is in full compliance with all applicable laws and regulations, denies that Plaintiff has accurately and fully stated the referenced regulation, and denies all other material allegations in paragraph 66 of the Complaint.

67. Plaintiff's allegations in paragraph 67 of the Complaint do not comply with Rule 8(a), requires no response, and should be stricken. To the extent a response is required, NBOME admits that it is in full compliance with all applicable laws and regulations, denies that Plaintiff has accurately and fully stated the referenced regulation, and denies all other material allegations in paragraph 67 of the Complaint.

68. Plaintiff's allegations in paragraph 68 of the Complaint do not comply with Rule 8(a), requires no response, and should be stricken. To the extent a response is required, NBOME admits that it is in full compliance with all applicable laws and regulations, denies that Plaintiff has accurately and fully stated the referenced regulation, and denies all other material allegations in paragraph 68 of the Complaint.

69. Plaintiff's allegations in paragraph 69 of the Complaint do not comply with Rule 8(a), requires no response, and should be stricken. To the extent a response is required, NBOME admits that it is in compliance with all applicable laws and regulations, denies that Plaintiff has accurately and fully stated the referenced regulation, and denies all other material allegations in paragraph 69 of the Complaint.

70. Plaintiff's allegations in paragraph 70 of the Complaint do not comply with Rule 8(a), requires no response, and should be stricken. To the extent a response is required, NBOME denies that "Guidelines" provided by the U.S. Department of Justice has the force of law, and denies all other material allegations in paragraph 70 of the Complaint.

71. Plaintiff's allegations in paragraph 71 of the Complaint do not comply with Rule 8(a), requires no response, and should be stricken. To the extent a response is required, NBOME admits that it is in full compliance with all regulation applicable to the NBOME, denies that Plaintiff has accurately and fully stated the referenced regulation, and denies all other material allegations in paragraph 71 of the Complaint.

72. NBOME denies all material allegations in paragraph 72 of the Complaint.

73. NBOME denies all material allegations in paragraph 73 of the Complaint.

74. NBOME denies all material allegations in paragraph 74 of the Complaint.

75. NBOME denies all material allegations in paragraph 75 of the Complaint.

76. NBOME denies all material allegations in paragraph 76 of the Complaint.

77. NBOME denies all material allegations in paragraph 77 of the Complaint.

78. NBOME denies all material allegations in paragraph 78 of the Complaint.

## COUNT II

79. NBOME incorporates by reference its foregoing responses in response to paragraph 79 of the Complaint.

80. NBOME admits that a controversy exists between the Plaintiff and NBOME, but denies all other material allegations in paragraph 80 of the Complaint.

81. Plaintiff's allegation in paragraph 81 of its Complaint and requires no response. To the extent a response is required, NBOME denies all material allegations in paragraph 81.

## COUNT III

In response to Plaintiff's allegations in Count III, including paragraphs 82 through 89, NBOME states that the Plaintiff has failed to state a claim upon which relief may be granted, that Count III should therefore be dismissed, and incorporates here by reference its motion to dismiss and brief in support of its motion to dismiss. Nonetheless, to the extent a response is required, and reserving all rights, NBOME responds to Count III as follows:

82. NBOME incorporates here by reference its foregoing responses in response to paragraph 82 of the Complaint

83. NBOME denies all material allegations in paragraph 83 of the Complaint.

84. NBOME denies all material allegations in paragraph 84 of the Complaint.

85. Plaintiff's allegations in paragraph 85 of the Complaint do not comply with Rule 8(a), requires no response, and should be stricken. To the extent a response is required, NBOME denies all material allegations in paragraph 85 of the Complaint.

86. NBOME denies all material allegations in paragraph 86 of the Complaint.

87. NBOME denies all material allegations in paragraph 87 of the Complaint.

88. NBOME denies all material allegations in paragraph 88 of the Complaint.

89. NBOME denies all material allegations in paragraph 89 of the Complaint.

## **AFFIRMATIVE AND OTHER DEFENSES**

For its affirmative and other defenses to all allegations and all Counts of the Complaint, the NBOME further states:

1. Plaintiff has failed to state a claim upon which relief may be granted, including but not limited to Count III of the Complaint.

2. Plaintiff's claims against the NBOME are barred by estoppel, including but not limited to her failure to provide available documentation regarding her claim for 150% of the standard testing time, documentation kept from and not provided to the NBOME.

3. Plaintiff's claims against the NBOME are barred by waiver, including but not limited to her failure to provide available documentation regarding her claim for 150% of the standard testing time, documentation kept from and not provided to the NBOME.

4. Plaintiff's request for 150% the standard time available to other osteopathic students for the COMLEX-USA Level 1 examination cannot be provided to Plaintiff without fundamentally altering the measurement of the skills or knowledge that the examination is intended to test in a "standardized, time-measured environment," including "the ability to interpret, process and apply clinical knowledge and skills with knowledge fluency and in a fluid manner" which is "fundamental to a generalist osteopathic physician's competence to practice osteopathic medicine," and would be contrary to NBOME stated mission "to protect the public by providing the means to assess competencies of osteopathic medicine and related health care professions." The NBOME has no obligation under the ADA or otherwise to provide any

accommodation that would fundamentally alter the measurement of the skills and knowledge the COMLEX-USA series of examinations is intended to test.

5. Plaintiff failed to mitigate any damages she may have incurred.

6. Plaintiff's state law claim is subject to the laws of the state of Indiana to the exclusion of the laws of any other state, in accordance with the Terms and Conditions accepted by the Plaintiff by her establishing or maintaining an account with the NBOME, as stated in the NBOME *Bulletin of Information* available online at www.nbome.org to all candidates.

7. The proper forum for this action is not this Court, but a court of competent jurisdiction in Marion County, Indiana, to the exclusion of all other courts, in accordance with the forum-selection clause accepted by the Plaintiff by her establishing or maintaining an account with the NBOME, as stated in the Terms and Conditions provided in the NBOME *Bulletin of Information* available online at www.nbome.org to all candidates. Accordingly, this action should be transferred to the proper forum which is the United States District Court, Southern District of Indiana, per the forum selection clause, 28 U.S.C. § 1404(a) and *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568 (2013).

WHEREFORE, Defendant, National Board of Osteopathic Medical Examiners, Inc., prays for judgment against the Plaintiff, that Plaintiff's Complaint be dismissed, including but not limited to Count III of the Complaint, for Defendant's attorneys' fees and costs, that this action be transferred to the United States District Court, Southern District of Indiana, pursuant to 28 U.S.C. § 1404(a) and the forum-selection clause, and for all other just and proper relief.

Date: November 3, 2015

/s/ Sydney L Steele  
Sydney L Steele, *pro hac vice*  
Jennifer L. Watt, *pro hac vice*  
Kroger, Gardis & Regas, LLP  
111 Monument Circle, Suite 900  
Indianapolis, Indiana 46204-5125  
317-692-9000 telephone  
sls@kgrlaw.com; jlw@kgrlaw.com

/s/ Jeffrey W. McDonnell  
Jeffrey W. McDonnell, Attorney No. 74353  
Law Office of Peter A. Callahan  
1600 Market Street, Suite 2020  
Philadelphia, PA 19103  
215-448-3325 telephone

Counsel for Defendant, National Board of Osteopathic Medical Examiners, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2015, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Jeffrey W. McDonnell