UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERNADETTE M. BIBBER, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )  Case No. 15-4987 |
| NATIONAL BOARD OF OSTEOPATHIC MEDICAL EXAMINER, INC. | ) ) ) ) |
| Defendant. | ) ) |

**ORDER**

AND NOW, this _____ day of _____, 20__, upon consideration of Defendant's Motion to Dismiss and Plaintiff's Response thereto, it is hereby ORDERED that said Motion is Denied.

_____
Stewart Dalzell
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERNADETTE M. BIBBER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15-4987 |
| NATIONAL BOARD OF OSTEOPATHIC MEDICAL EXAMINER, INC. | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff Bernadette Bibber responds in opposition to Defendant's Motion to Dismiss.

**I.      BACKGROUND**

Plaintiff filed her Complaint on September 4, 2015 asserting that Defendant, National Board Of Osteopathic Medical Examiners (NBOME) discriminated against Plaintiff in violation of the Americans with Disabilities Act, 42 U.S.C. §12101 et. seq. (ADA) and the New Jersey Law Against Discrimination, N.J.S.A. §10:5-1 *et. seq.* (NJLAD) for failure to provide appropriate accommodation to Plaintiff, a person with disabilities on the Comprehensive Osteopathic Medical Licensing Examination (COMLEX). Compl. ¶¶ 1, 2 On November 3, 2015, Defendant filed its Answer and Other Defenses to the Complaint (Dkt. No. 12). Along with Defendant's Answer, Defendant also filed a Motion to Dismiss Count III (Violation of NJLAD) of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 11).

1

Plaintiff is a third year medical student at Rowan University School of Osteopathic Medicine (RowanSOM). She is both a resident of New Jersey and attends medical school in New Jersey. Compl. ¶ 7. In order for Plaintiff to qualify for medical licensure and graduate from RowanSOM, she must take and pass the COMLEX Level 1 (COMLEX I) Compl. ¶ 8, 11, 14, 15. Defendant develops and makes available the COMLEX I. Comp. and Answer ¶ 8. Accordingly, Defendant is a private entity that offers examinations related to the applications and credentialing for professional and trade purposes and as such subject to the non-discrimination and appropriate accommodation requirements of the ADA and NJLAD. ¶¶ 9, 64. Defendant offers the administration of and makes available the COMLEX I in the New Jersey.[1] ¶ 9. Plaintiff intends to take the COMLEX I in New Jersey. Compl. ¶¶ 9, 11

Plaintiff submitted on several occasions an application along with documentation requesting accommodations on the COMLEX I. Compl. ¶¶ 45, 48, 52. Defendant has denied each of Plaintiff's requests for accommodations. Compl. ¶¶ 47, 49, 53. Plaintiff requires appropriate accommodations to participate in a fair, full and equal basis on the COMLEX I. Compl. ¶63. Defendant must offer the COMLEX I in a non-discriminatory manner by offering the exam in a manner accessible to persons with disabilities. Compl. ¶ 65. By denying Plaintiff accommodations it has discriminated against her and deprived her equal opportunities and further deprives her of the privileges and advantages of taking the COMLEX in a discriminatory free environment. Compl. ¶ 87

---

[1] The COMLEX I is administered at Prometric test centers. Prometrics is a company that provides computerized testing facilities throughout the United States (and other countries) for the NBOME and hundreds of other organizations that develop and offer examinations for application and credentialing purposes.

2

II.   **ARGUMENT**

   **Governing Standards**

In a Rule 12(b)(6) motion, the defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. *Hedges v. United States,* 404 F.3d. 744, 750 (3rd Cir. 2005); *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny,* 515 F.3d. 224, 233 (3d Cir. 2008) (internal quotation and citation omitted).

   **Applicability of New Jersey Law Against Discrimination**

Defendant contends that Plaintiff's complaint does not allege any discriminatory conduct occurring within the State of New Jersey, and that the mere fact that a plaintiff is a resident of New Jersey is insufficient to permit plaintiff to sue an out of state defendant under NJLAD. The gravamen of Defendant's Motion to Dismiss is that NJLAD does not apply to alleged wrongful conduct occurring outside the state of New Jersey. While Defendant is not located in New Jersey, it is still may be held liable under the NJLAD. An out of state defendant may be liable under NJLAD if New Jersey's contacts to the factual scenario are sufficient. *McDonald v. State of Illinois*, 163 N.J. 298, 748 A.2d 1105 (2000).

The NJLAD addresses non-discrimination in employment (N.J.S.A. §10:5-12) and to accessibility to public accommodations (N.J.S.A. §10:5-4).[2] The Complaint alleges that Defendant's failure to offer the exam in a manner accessible to persons with disabilities deprives Plaintiff of the privileges and advantages of taking the COMLEX in a discriminatory free environment.  Accordingly, the location of the discrimination is the location of where defendant intends to take the exam.  The Complaint alleges that the COMLEX I is offered and administered in New Jersey.[3] Compl. ¶ 9. Moreover the Complaint alleges that Plaintiff intends to take the COMLEX I in New Jersey. Compl. ¶¶ 9, 11. Indeed New Jersey, through the NJLAD has an interest in making sure that individuals with disabilities taking an exam like the COMLEX in New Jersey are not subjected to discrimination.

Sufficient contacts exist in New Jersey related to the discriminatory conduct to trigger application of NJLAD. Inasmuch as this matter alleges discrimination in the context of public accommodations, the contacts in New Jersey include that the COMLEX is administered in New Jersey, that Plaintiff intends to take the COMLEX I in New Jersey (the state where she lives and attends school) and the NBOME sent its denials of her requests for accommodations to her residence in New Jersey. The New Jersey Supreme Court has held that a proper consideration to determine the applicability of the NJLAD  is whether the alleged discriminatory conduct "was expected or intended  to cause injury in New Jersey." *Blakely v. Continental Airlines, Inc.*, 164 N.J. 38, 67, 751

---

[2] NJLAD had many parallels to the ADA insofar as Title I of the ADA (cite) applies to employment and Title III (cite) applies to public accommodations.  Inasmuch as Plaintiff is not pursuing employment discrimination, the alleged discrimination under falls under Title III of the ADA and the non-discrimination provision in public accommodations of the NJLAD.

[3] Defendant is very well aware of the fact that the COMLEX is administered at four Prometric locations in New Jersey, namely Fairlawn, Clark, Laurel Springs and Hamilton Township. Despite this fact Defendant's Answer to the Complaint asserts that it denies or is without knowledge or information sufficient to form a belief about the truth of the allegation that the COMLEX I is offered in New Jersey.

A.2d. 538 (2000). Accordingly, not only is the site of the discrimination is expected to occur in New Jersey, additional fact this facts related to this litigation support that sufficient contacts exist in New Jersey for NJLAD to apply.

In *Bowers v. NCAA,* 151 F.Supp.2d 526 (D.N.J. 2001), which was a public accommodations case, the court held that NJLAD was applicable to out of state defendants (NCAA, ACT, University of Iowa, Temple University and American International College) that allegedly discriminated against a plaintiff (a New Jersey resident) based on having a learning disability with regard to his eligibility to participate in intercollegiate football. The Court in *Bowers* noted that the proper analysis is to examine whether the defendants' contacts with New Jersey were sufficient when reviewing the operative facts giving rise to the litigation. *Bowers*, 151 F.Supp.2d at 533. Under *Bowers* in the context of a public accommodations case, the applicability of NJLAD is broadened beyond simply the physical situs of the public accommodation noting that New Jersey courts have de-emphasized the importance of physical situs of the public accommodations. The court wrote:

> An examination of other case law reveals that New Jersey courts have de-emphasized the importance of the physical situs of the public accommodation. See National Organization of Women v. Little League Baseball, Inc., 127 N.J. Super. 522, 318 A.2d 33 (N.J. Super. Ct. App. Div.), aff'd, 67 N.J. 320, 338 A.2d 198 (1974) (holding that "the statutory noun 'place' . . . is a term of convenience, not of limitation . . . employed to reflect the fact that public accommodations are commonly provided at fixed 'places'"); Dale v. Boy Scouts of America, 160 N.J. 562, 588-89, 734 A.2d 1196 (1999), rev'd on other grounds, 530 U.S. 640, 147 L. Ed. 2d 554, 120 S. Ct. 2446 (2000)(following the reasoning of Little League, the Supreme Court of New Jersey refused to limit the definition of "place" under the NJLAD to fixed physical locations). While both Little League and Dale involved some physical "place" located

5

> within New Jersey, these cases reveal the New Jersey Supreme Court's reluctance to allow a strict definition of "place" limit the reach of the NJLAD. As explained by the Appellate Division in Dale, "to have the LAD's reach turn on the definition of 'place' is irrational because 'places do not discriminate; people who own and operate places do.'" Dale v. Boy Scouts of America, 308 N.J. Super. 516, 533, 706 A.2d 270 (N.J. Super. Ct. App. Div. 1998)(quoting Welsh v. Boy Scouts of America, 993 F.2d 1267, 1282 (7th Cir. 1993)) (Cummings, J., dissenting). *Bowers*, 151 F. Supp. 2d at 533

The *Bowers* Court found NJLAD applicable to the out of state defendants, namely the NCAA because it distributed materials to and communicated with Plaintiff's high school in New Jersey regarding the eligibility process; the NCAA worked with Plaintiff's high school to determine, which courses would be approved as 'core courses'; and the NCAA worked with Plaintiff's high school to determine his eligibility. *Bowers,* 151 F.Supp.2d at 533-534. Furthermore, NJLAD was held to apply to ACT who merely mailed materials to Plaintiff and had a few phone calls with him. *Bowers*, 151 F.Supp.2d at 534.

Similarly in *Watiti v. Walden University*, 2008 U.S. Dist. LEXIS 43217 *38-40 (D. N.J May 30, 2008) the Court found that significant and relevant contacts occurred in New Jersey to support the application of the NJLAD.[4] In *Watiti*, Plaintiff a New Jersey resident sued his college on the basis that it administered an exam in a discriminatory manner.  Plaintiff, a member of the Seventh Day Adventist Church purportedly secured a promise from Walden that due to Plaintiff's religious practices, it would not administer tests on Saturday. An exam in one of Plaintiff's classes was scheduled on a Saturday, which he refused to take because of his religious practices.  Consequently, Plaintiff failed the class for not taking the exam; however, it was later changed to a withdrawal. The

---

[4] While the Court found that NJLAD was applicable to the out of state defendants, it dismissed Plaintiff's NJLAD claim on the basis that Plaintiff failed to substantively allege facts sufficient to state a claim.

Court found that Walden had sufficient contacts with New Jersey because it provided educational services to Plaintiff via the internet and Walden provided Plaintiff with a course of study, which was intended to be undertaken from New Jersey.  *Watiti*, 2008 U.S. Dist. LEXIS 43217 *39.

In this matter, NBOME has significantly more contacts with New Jersey than the Defendants in *Bowers* and *Watiti*. In this matter, Plaintiff has alleged that both the situs of the discrimination is in New Jersey and that contacts have occurred in New Jersey. As noted above, the NBOME offers the COMLEX I in several locations in New Jersey and Plaintiff intends to take the exam in New Jersey. Moreover, Defendant has communicated to Plaintiff in New Jersey, in particular, it denials were sent to Plaintiff in New Jersey. Accordingly, the contacts Defendant has with New Jersey supports the application of the NJLAD.

Defendant merely points to case law in the employment context holding that NJLAD does not apply to New Jersey residents who are subject to discrimination while employed in another state. The interpretation protects employers from potential unfairness of having to comply with several different legal standards on the basis that it has employees that reside in different states. Accordingly, Defendant's reliance upon *Weinberg v. Interp Corp.*, 2006 U.S. Dist. LEXIS 23746 (D.NJ. April 26, 2006) is factually distinguishable and therefore not applicable. *Weinberg* involved employment discrimination rather than a public accommodations case. The Plaintiff alleges discrimination on the basis that he was terminated from Defendant's employment on the basis of Plaintiff's age. In *Weinberg,* Plaintiff was a New Jersey resident; however, he worked in Defendant's Philadelphia office.  Defendant's principal office was in New

York and it was the location from where Plaintiff's employment was terminated. The Court found that Plaintiff's NJLAD claims were not viable because New Jersey law does not apply to Plaintiff's Pennsylvania employment. This decision was consistent with the long standing rule that in the context of workplace discrimination claims, NJLAD only applies if the claimant is employed in New Jersey. *Weinberg v. Interp Corp.*, 2006 U.S. Dist. LEXIS 23746 *18. Accordingly, inasmuch as this matter does not involve a workplace discrimination claim, *Weinberg* as well as the other work place discrimination claim relied upon by Defendant, are not applicable.

Defendant also relies upon *Archute v. Ross University Sch. Of Veterinary Medicine*, 2012 U.S. Dist. LEXIS 164960 (D.N.J. November 19, 2012), which is also factually distinguishable from this case. The plaintiff in *Archute* alleged discrimination on the basis that the school failed to provide accommodations for his learning disability. The plaintiff attended defendant's veterinary school in St. Kitts. All classes and al decisions regarding accommodations occurred in St. Kitts. The only contact New Jersey had with the case is that Defendant received some administrative support from an office in New Jersey. The opinion reports no contact related to plaintiff's claim occurring in New Jersey. The Court found that because plaintiffs purported harm occurred through the decision making process in St. Kitts, NJLAD does not apply to conduct occurring in foreign nations. According, *Archute* is not applicable to this case.

### III. CONCLUSION

For the forgoing reasons, Defendants Motion to Dismiss should be denied.

>By: /s/ .
>Charles Weiner, Esquire
>PA Attorney I.D. #52926
>LAW OFFICE OF CHARLES WEINER
>Cambria Corporate Center
>501 Cambria Avenue
>Bensalem, PA 19020
>Tel: (267)-685-6311
>Fax: (215) 604-1507
>e-mail: charles@charlesweinerlaw.com
>Counsel for Plaintiff