UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERNADETTE M. BIBBER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15-4987 |
| NATIONAL BOARD OF OSTEOPATHIC MEDICAL EXAMINER, INC. | ) |
| Defendant. | ) |

**DEFENDANT'S RULE 26(f) REPORT**

On December 28, 2015, Charles Weiner, counsel for Plaintiff, Bernadette Bibber, and Sydney L Steele, counsel for Defendant, National Board of Osteopathic Medical Examiners, Inc., conferred by telephone pursuant to Fed. R. Civ. P. 26(f).

Although the parties' respective counsel agreed upon the discovery plan described below, they were unable to agree on language for a joint report to the Court. Both counsel therefore agreed to each submit a separate Rule 26(f) report.

During the December Rule 26(f) attorneys' conference, counsel discussed the nature and basis of Plaintiff's claims and Defendant's defenses, and concluded that this case could not be promptly settled or resolved at this time.

Plaintiff's counsel stated that he expects to file a motion for preliminary injunction regarding the Plaintiff's application for testing accommodations for the COMLEX-USA Level 1 examination. Defendant will oppose any motion filed by Plaintiff for a preliminary injunction and, because of the importance of the Court's ruling, will request that the Court set any such motion for an evidentiary hearing.

1

Although Plaintiff's counsel objects to discovery, during the Rule 26(f) conference the parties' respective counsel made arrangements for the disclosures required by Rule 26(a)(1), and developed the following proposed discovery plan:

1. Rule 26(a)(1)(A) initial disclosures served by January 15, 2016 (both parties).

2. Rule 26(a)(2) disclosures of expert testimony, including disclosure and reports of retained experts under Rule 26(a)(2)(B) and summaries under Rule 26(a)(2)(C):

    a. From Plaintiff by February 12, 2016.
    b. From Defendant by February 26, 2016.

3. All written discovery served (interrogatories, requests for documents, requests for admissions) by April 1, 2016 (limited to 20 each type of written discovery, unless otherwise agreed or permitted by the Court) (both parties).

4. All discovery, including any deposition of fact or expert witnesses, completed by April 29, 2016, unless otherwise agreed or permitted by the Court (both parties).

The parties agree that a bench trial of this case is expected to take 2-3 days.

### Parties' Disagreement Regarding Discovery

Defendant's counsel requested the opportunity to depose the Plaintiff (at a time and place convenient to Ms. Bibber), but Plaintiff's counsel objected and unless ordered to do so will refuse to make Plaintiff available for her deposition. After a follow-up telephone conference of counsel on January 6, 2016, the parties were unable to resolve their differences, so it will be necessary for Defendant to move to compel her deposition.

Also, on December 22, 2015, Defendant delivered to Plaintiff, per the new Rule 26(d)(2), requests for production of certain documents. Plaintiff's responses are due thirty days from the December 28 Rule 26(f) attorneys' conference, or by January 27, 2016.

Defendant seeks this discovery from Plaintiff because errors and inconsistencies, and even misstatements, exist in Plaintiff's application for extended testing time or the documentation submitted by her or on her behalf. Plaintiff's deposition and other limited

discovery will permit Defendant to explore and highlight these errors, inconsistencies and misstatements, and more efficiently and persuasively present its defenses.

Contrary to Plaintiff's position that Defendant is not entitled to *any* discovery, the limited discovery Defendant seeks is for the legitimate purpose of defending itself in this lawsuit, *not* for the purpose of analyzing Plaintiff's application and documentation to determine whether her requested accommodation of extended time should be approved by the NBOME prior to litigation. The NBOME has already carefully considered Plaintiff's application and all the documentation she submitted. We are now in a lawsuit.

New Rule 26(b) provides that unless limited by court order, the parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case … ," considering various factors, including "the importance of the issues as stake in the action." Whether or not Plaintiff is entitled to 50% more testing time is an important issue to Plaintiff and Defendant. *If* Plaintiff is entitled to additional time as she claims, then it is important that she be given that extended time. On the other hand, if Plaintiff is not entitled to extended testing time, as Defendant has determined, then any score Plaintiff would get on the COMLEX-USA licensure examination taken with 50% additional extra time would be an invalid score,[1] and would give Plaintiff an distinct advantage over her medical school peers.

Thus the issues at hand are important to both parties. And the discovery Defendant seeks is limited to its need to present its defense that Plaintiff's documentation is not credible relative to the requirements for testing accommodations under the ADA.

---

[1] The mission of the NBOME, as stated in its Bulletin of Information, at www.nbome.org, is "to protect the public by providing the means to assess competencies of osteopathic medicine and related health care professions." The COMLEX examinations are accepted by licensing boards for licensure to practice osteopathic medicine, in all 50 states.

Defendant agrees with Plaintiff that her claim in this lawsuit for extended testing time should be based only upon the information available to the NBOME when it made its decisions regarding her application, including Plaintiff's application and submittals, but also the reports and recommendations of two independent consultants retained by the NBOME, as well as the knowledge and expertise of NBOME's Testing Accommodation Committee (TAC), whose members are qualified physicians in relevant fields familiar with the COMLEX-USA series of licensure examinations. Nonetheless, relevance of the opinions of Plaintiff's advocates, and errors, misstatements and inconsistencies existing in documentation she submitted, require limited discovery of Plaintiff's claims.[2]

Defendant seeks to depose Plaintiff, and perhaps some her advocates, and requests relevant document production, so Defendant can effectively and persuasively present its case to this Court.  Defendant should not be denied this limited discovery.

Date:  January 8, 2016.

Respectfully submitted,

 /s/   Sydney L Steele
Sydney L Steele, *Admitted Pro Hac Vice*
Kroger, Gardis & Regas, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204-5125
Tel: (317) 777-7454; Fax: (317) 777-7454
sls@kgrlaw.com

Jeffrey W. McDonnell, Attorney No. 74353
Law Office of Peter A. Callahan
1600 Market Street, Suite 2020
Philadelphia, PA 19103
Tel: (215) 448-3325

Counsel *for Defendant, National Board of Osteopathic Medical Examiners, Inc.*

---

[2] Plaintiff also seeks to recover monetary damages against the NBOME in this case and discovery by way of deposition or otherwise is necessary to explore her damage claim.

4

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 8, 2016, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

             /s/   Sydney L Steele