## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| _____ ) | |
| BERNADETTE M. BIBBER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-4987 |
| ) | |
| NATIONAL BOARD OF OSTEOPATHIC ) | |
| MEDICAL EXAMINER, INC. ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## PLAINTIFF's RULE 26(f) REPORT

Pursuant to Fed. R. Civ. P. 26(f), the parties held a discovery planning meeting by telephone on December 28, 2015. Participating in the discovery planning phone call was in Charles Weiner, counsel for Plaintiff and Sydney Steele, counsel for Defendant. Although the parties' respective counsel agreed upon the discovery plan described below, they were unable to agree on the language for a joint report to the Court. Counsel therefore agreed to submit a separate Rule 26(f) report.

During the December Rule 26(f) attorneys' conference, counsel discussed the nature and basis of Plaintiff's claims and Defendant's defenses, and concluded that this case could not be promptly settled or resolved at this time. Plaintiff intends to file a Motion for Preliminary Injunction to compel Defendant to administer the Comprehensive Osteopathic Medical Licensing Exam – Level 1 (COMLEX I) with extended time. Defendant is expected to oppose this motion.

Plaintiff submits that no discovery is necessary (notwithstanding Rule 26(a)(1) initial disclosures) and therefore, discover should be prohibited for the reasons stated

below. Nevertheless, in the event the Court orders discovery, the parties' respective counsel made arrangements for the disclosures required by Rule 26(a)(1), and developed the following proposed discovery plan

If the Court concludes that discovery is necessary, the parties propose the following plan:

1. Fed.R.Civ. P. 26(a)(1) initial disclosures served by **January 15, 2016** (both parties).

2. Fed.R.Civ.P. 26(a)(2) disclosures of expert testimony, including disclosure and reports of retained experts under Rule 26(a)(2)(B) and summaries under Rule 26(a)(2)(C):

   a. From Plaintiff by **February 12, 2016.**

   b. From Defendant by **February 26, 2016.**

3. All written discovery served  (interrogatories, requests for documents, requests for admissions) by **April 1, 2016** – limited to 20 each type of written discovery, unless otherwise agreed or permitted by the Court (both parties).

4. All discovery, including any deposition of fact or expert witnesses, completed by **April 29, 2016**, unless otherwise agreed or permitted by the Court (both parties).

5. Trial of the action is expected to take approximately 2-3 days.  A jury trial has not been demanded.

As noted above, Plaintiff objects to discovery and submits that no discovery is necessary (notwithstanding Rule 26(a)(1) initial disclosures). Plaintiff, Bernadette M. Bibber has brought an action against Defendant for violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §12101, et. seq. and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et. seq. ("NJLAD")   Plaintiff alleges that she is an

individual with disabilities and has requested appropriate accommodations (50% extended time) when taking the COMLEX I, which is prepared and offered by the Defendant. Plaintiff has made several requests to Defendant for accommodations pursuant to the ADA and provided documentation supporting her request for accommodations.

Based solely on the documentation that Plaintiff provided to the Defendant, it denied her requests for extended time. Defendant contends that Plaintiff does not have a disability and that her request for extended time fundamentally alters the skill or knowledge being tested. Plaintiff seeks Injunctive and Declaratory Relief to compel the Defendant to provide the requested for extended time.

Accordingly, the salient issue in this case is whether Plaintiff is entitled to 50% extended time on the COMLEX I.  Given the limited relief that Plaintiff seeks, it appears entirely unnecessary, burdensome and expensive to have any discovery let alone an overly expansive discovery such as interrogatories, request for production of documents, request for admissions or depositions.

Furthermore, discovery in this type of matter would be contrary to intent and purpose of the ADA and its regulations.  Plaintiff submitted extensive documentation supporting her request for accommodations.[1] The regulations under the ADA provide:

> The primary object of attention in cases brought under the ADA should be whether covered entities have complied with their obligations and whether discrimination has occurred, not whether the individual meets the definition of disability. The question of whether an individual meets the definition of disability under this part should not demand extensive analysis.

---

[1] Plaintiff produced over 100 pages of documents, which included evaluations from five different psychologists over the course of several years, reports from learning specialists who provided direct instruction during her primary education and school records. See Complaint ¶¶ 45, 48, 52.

29 C.F.R. §1630.1(b)(4). Furthermore, the regulations further provide that "the threshold issue of whether an impairment substantially limits a major life activity should not demand extensive analysis" 29 C.F.R. §1630.2(j)(1)(iii). Moreover, the regulatory guidance issued by the Department of Justice advises that testing entities should accept without further inquiry, "documentation provided by a qualified professional who has made an individualized assessment of an applicant that supports the need for the modifications, accommodation, or aid requested." See 28 C.F.R. pt. 36, app. A, at 795. Given the foregoing, the ADA would prohibit the Defendant from making expansive inquiries beyond what Plaintiff already provided.  Given the regulatory guidance, Defendant should not be permitted to engage any further discovery to attempt to justify its decision. Rather, the Court should review the documentation that Plaintiff provided to the Defendant and make a determination whether Defendant complied with its obligation and whether discrimination occurred. Accordingly, no additional documents or discovery should be necessary.

Respectfully submitted

Dated: 1-8-2016                                        _____/s/_____
Charles Weiner, Esquire
PA Attorney I.D. # 52926
LAW OFFICE OF CHARLES WEINER
Cambria Corporate Center
501 Cambria Avenue
Bensalem, PA 19020
Tel:  (267) 685-6311
 Fax:  (215) 604-1507
charles@charleswinerlaw.com

Counsel for Plaintiff, Bernadette M. Bibber

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| _____ ) | |
| BERNADETTE M. BIBBER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-4987 |
| ) | |
| NATIONAL BOARD OF OSTEOPATHIC ) | |
| MEDICAL EXAMINER, INC. ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2016, I electronically filed the foregoing

Plaintiff's Rule 26(f) Report, with the Clerk of the Court using the CM/ECF system and

have verified that such filing was sent electronically using the CM/ECF system to the

following:

Jeffrey W. McDonnell, Esq                Sydney L. Steele, Esq.
Harriet.anderson-smith.cna.com           Jennifer L. Watt, Esq.
1600 Market Street, Suite 2020           Kroger, Gardis, & Regas, LLP
Philadelphia, PA 19103                   111 Monument Circle, Suite 900
Jeffrey. mcdonnell@cna.com               Indianapolis, IN 46204
Counsel for Defendant                    sls@kgrlaw.com; jlw@kgrlaw.com
                                         Counsel for Defendant


                                         By:____/s/_____.
                                         Charles Weiner, Esquire
                                         PA Attorney I.D. #52926
                                         LAW OFFICE OF CHARLES WEINER
                            `            Cambria Corporate Center
                                         501 Cambria Avenue
                                         Bensalem, PA 19020
                                         Tel: (267)-685-6311
                                         Fax: (215) 604-1507
                                         e-mail: charles@charlesweinerlaw.com

                                         Counsel for Plaintiff